**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LILIA BEDROSIAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>Respondent. | No. 10-72401<br><br>Agency No. A097-629-496<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2014[**]
Pasadena, California

Before: FERNANDEZ, GRABER, and MURGUIA, Circuit Judges.

Lilia Bedrosian, a native and citizen of Armenia, petitions for review of the

BIA's order dismissing her appeal from an immigration judge's ("IJ") decision

denying her application for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). Reviewing for substantial evidence the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

IJ's factual findings, including the adverse credibility determination, <u>Cortez-Pineda v. Holder</u>, 610 F.3d 1118, 1124 (9th Cir. 2010), we deny in part and dismiss in part.

1. Substantial evidence, <u>id.</u>, supports the IJ's adverse credibility determination. The forensic expert's testimony concerning Petitioner's driver's license and political party membership card and the consular investigation report on Petitioner's medical records provide substantial evidence to support the finding that these documents were fraudulent. Because the genuineness of at least one of the documents proffered by Petitioner went to the heart of Petitioner's claims about persecution on account of political opinion and physical mistreatment at the hands of the authorities, the IJ permissibly deemed Petitioner's testimony not credible. <u>Desta v. Ashcroft</u>, 365 F.3d 741, 745 (9th Cir. 2004). In the absence of credible testimony or other credible corroborating evidence, Petitioner fails to meet her burden to establish her withholding of removal or CAT claim. <u>Farah v. Ashchroft</u>, 348 F.3d 1153, 1156–57 (9th Cir. 2003). We therefore deny the portions of the petition concerning withholding of removal and CAT relief.

2. Petitioner bears the burden of proving by clear and convincing evidence that her application for asylum was filed within one year after the date of her arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). Where, as here, the BIA

determined that Petitioner failed to meet that burden, we lack jurisdiction to review that determination. 8 U.S.C. § 1158(a)(3); see also Gasparyan v. Holder, 707 F.3d 1130, 1134 (9th Cir. 2013) (holding that, where our jurisdiction is governed by 8 U.S.C. §§ 1158(a)(3) and 1252(a)(2)(D), we are limited to reviewing only those cases in which the underlying facts are undisputed). We therefore dismiss for lack of jurisdiction the portion of the petition concerning Petitioner's application for asylum.

**DENIED in part and DISMISSED in part.**